IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 9, 2012 Session

**STATE OF TENNESSEE v. TELLY ROMERAS ROBERTSON**

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-4015, 2009-A-60    Seth Norman, Judge**

—————

**No.  M2011-02768-CCA-R3-CD - Filed March 8, 2013**

—————

Appellant, Telly Romeras Robertson, was indicted by the Davidson County Grand Jury in October of 2008 for one count of possession of .5 grams or more of cocaine with the intent to sell or deliver, one count of possession of more than ten pounds of marijuana with intent to sell or deliver, and one count of possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony.  In January of 2009, Appellant was indicted by the Davidson County Grand Jury for one count of possession of ecstacy with the intent to sell or deliver, one count of possession of drug paraphernalia with the intent to prepare a controlled substance, one count of possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony, and casual exchange of marijuana.  Appellant pled guilty to one count of possession with intent to sell ecstacy and possession with intent to deliver between .5 ounce and ten pounds of marijuana in exchange for sentences of ten years and two years, respectively.  The sentences were to run consecutively to each other and to an eight-year sentence Appellant was already serving for conspiracy to commit money laundering, for a total effective sentence of twenty years. At a sentencing hearing, the trial court denied an alternative sentence.  Appellant appeals. After a review of the record and authorities, we conclude that the trial court did not abuse its discretion in denying an alternative sentence where: (1) Appellant was sentenced to a Class B felony, rendering him ineligible for probation; (2) probation was denied in order to avoid depreciating the seriousness of the offense; and (3) Appellant was incarcerated at the time of sentencing, rendering him ineligible for a sentence of Community Corrections.  The judgments of the trial court are affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Peter J. Strainse, Nashville, Tennessee, for the appellant, Telly Romeras Robertson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Renee Erb, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

In October of 2008, the Davidson County Grand Jury issued a multi-count indictment against Appellant in case number 2008-D-4015, charging him with possession with intent to sell or deliver .5 grams of more of cocaine, possession with intent to sell or deliver more than .5 ounce but less than ten pounds of marijuana, and possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony. Shortly thereafter, in January of 2009, the Davidson County Grand Jury issued a second multi-count indictment against Appellant in case number 2009-A-60. Appellant was charged with possession with intent to sell or deliver MDMA or ecstacy, possession of drug paraphernalia with intent to prepare a controlled substance, and possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony, and casual exchange of marijuana.

On August 3, 2011, Appellant entered negotiated guilty pleas. Appellant pled guilty to possession with intent to sell or deliver MDMA, a class B felony, and to possession with intent to sell or deliver marijuana, a Class E felony. The remaining charges were dismissed. The plea agreement specified that in exchange for the guilty plea, Appellant would receive a ten-year sentence for the MDMA offense and a two-year sentence for the marijuana offense. The two sentences were to be served consecutively, for a total effective sentence of twelve years. The plea agreement also specified that this twelve-year sentence was to run consecutively to an eight-year sentence Appellant was already serving in case number 2010-B-1649. The manner of service of the twelve-year sentence was to be determined by the trial court at a sentencing hearing.

The trial court held a sentencing hearing on September 28, 2011. At the hearing, Appellant testified that he was thirty-six years of age and had not gotten into trouble with the law until August of 2008, when he was thirty-four. Since then, Appellant had been arrested at least three times. Appellant graduated from Whites Creek High School prior to attending one year at Nashville State Community College. After trying college, Appellant went into the Navy for three years. Appellant has two children from a marriage that ended in 2009. He claimed that he has a friendly relationship with his ex-wife, a medical doctor, and his in-laws.

Appellant explained that he started serving a sentence for conspiracy to commit money laundering in March of 2011, and was incarcerated at the time of the sentencing hearing. Appellant admitted that this case involved over 4,000 pounds of marijuana but explained that the "money that I had that they [were] coming to collect, it wasn't even my money." Appellant was not the recipient of the 4,000 pounds of marijuana but instead was one of the customers of the conspirators. Prior to being incarcerated, Appellant was living with his mother, working for JR Construction Company as a project manager. JR Construction Company is a family owned business that was started by Appellant's parents. Appellant had also held jobs as a part-time meter reader for NES and CSX railroad. Appellant also spent three years in the Navy and was a stay-at-home-dad for approximately three years.

While incarcerated, Appellant was employed by TRICOR making license plates. He applied for this job and was eligible because he had a high school diploma and had not "been in [any] trouble." Appellant explained that he was scheduled for a parole hearing in 2012 but did not expect to be released at that time. Appellant promised that if he were given an alternative sentence he would live with his mother and planned "to go back to work and take care of [his] kids."

Appellant stated that his legal problems arose because of "personal problems." He explained that going through a divorce and grief over his own father's death led him to make poor decisions. Appellant admitted that he did not have to sell drugs to make a living and acknowledged that he had a loving family, a fair education, and enough skills to maintain a job. Appellant agreed that he possessed the drugs with the intent to sell them and that he only smoked marijuana sporadically. Appellant testified that being in jail gave him "time to think about a lot of things." Appellant acknowledged that his brother was a codefendant in one of the cases and had been granted probation.

Appellant's mother, Patricia Robertson, testified that she supported her son but recognized that her husband's death had taken a toll on her family. She stated that Appellant still had a "wonderful" relationship with his two daughters. According to Mrs. Robertson, Appellant understood his mistakes, had support from family and former in-laws, and would follow the conditions of probation or community corrections.

At the conclusion of the hearing, the trial court took the matter under advisement. In an order, the trial court denied alternative sentencing, stating:

> After having considered [Appellant's] request for probation in the matter, the Court is of the opinion that it should not be granted. [Appellant] was out on bond on each case when arrested for each other subsequent cases, thus

exhibiting a propensity to engage in illegal drug activity. Furthermore, he entered the plea agreement to serve his sentence in case number 2010-B-1649 [the money laundering conviction] absent any contemplation of the charges in the other two cases, which were pending the time the plea to the former was entered.

Moreover, [Appellant] was convicted of three Class B felonies involving controlled substances, which are quite serious in nature. Illegal drug trafficking, which often sparks the commission of related crimes of violence, serves to exacerbate already rampant drug abuse and its socially destructive effects. Therefore, the Court is of the opinion that it is in the best interest of the public that probation be denied in matters of this particular nature and degree.

Appellant filed a timely notice of appeal.

*Analysis*

On appeal, Appellant challenges the trial court's denial of alternative sentencing. Specifically, Appellant argues that he was eligible for an alternative sentence and the trial court did not apply the factors enumerated in Tennessee Code Annotated section 40-35-102 correctly by failing to "encourage [Appellant's] effective rehabilitation." Moreover, Appellant argues that the trial court failed to consider a sentence of Community Corrections and improperly relied on the seriousness of the offense without considering favorable evidence that supported an alternative sentence. The State, on the other hand, argues that Appellant was not eligible for any sentence other than incarceration.

Initially, we note that Appellant failed to include a transcript from the guilty plea hearing in the record on appeal. This Court has noted that the "guilty plea hearing is the equivalent of a trial, in that it allows the State the opportunity to present the facts underlying the offense." *State v. Keen*, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999). To that end, "a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed." *Id.* at 844. Recently, in *State v. Christine Caudle*, ___ S.W.3d ___, No. M2010-01172-SC-R11-CD, 2012 WL 5907374, at *6 (Tenn. Nov. 27, 2012), the Tennessee Supreme Court determined that "when a record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for a meaningful review under the standard adopted in [*State v.*] *Bise*[, 380 S.W.3d 682, 706 n.41 (Tenn. 2012)]."

-4-

In the case herein, Appellant pled guilty to possession with intent to sell or deliver MDMA, a class B felony, and to possession with intent to sell or deliver marijuana, a Class E felony with an agreed upon sentence, the manner of service of the sentence to be determined by the trial court after a sentencing hearing. While we would certainly prefer the inclusion of the guilty plea transcript to facilitate our review, we have determined that in this case the record is adequate for a thorough consideration of the appeal without inclusion of the transcript of the guilty plea hearing.

Appellate review of sentencing is for abuse of discretion. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Bise*, 380 S.W.3d at 707. This standard of review is also applicable to "questions related to probation or any other alternative sentence." *Christine Caudle*, ___ S.W.3d ___, 2012 WL 5907374, at *5. Thus, in reviewing a trial court's denial of an alternative sentence, the applicable standard of review is abuse of discretion with a presumption of reasonableness so long as the sentence "reflect[s] a decision based upon the purposes and principles of sentencing." *Id.* The party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

> A defendant who does not fall within this class of offenders:

> [A]nd who is an especially mitigated offender or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary . . . . A court shall consider, but is not bound by, this advisory sentencing guideline.

T.C.A. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347. For offenses committed on or after June 7, 2005, a defendant is eligible for probation if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a).

All offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *see also State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

In the case herein, Appellant pled guilty to both a Class B and Class E felony while already incarcerated on a Class B felony. Appellant was not entitled to consideration as a "favorable candidate" for alternative sentencing for his Class B felony conviction. T.C.A. § 40-35-102(6). Additionally, Appellant's conviction for felony possession of MDMA

automatically rendered him ineligible for probation. T.C.A. § 40-35-303(a). The trial court did not err in denying an alternative sentence of probation for this conviction. As to the conviction for possession of marijuana, Appellant was a favorable candidate due to the fact that it was a Class E felony and he was sentenced to less than ten years for the conviction. However, the trial court denied an alternative sentence on the basis that it was in "the best interest of the public that probation be denied in matters of this particular nature and degree." In other words, it appears the trial court denied an alternative sentence in order to "avoid depreciating the seriousness of the offense or [because] confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses." Without addressing the question of whether the record in this case supports a finding of the need for incarceration as a deterrent to crimes of a similar nature, it appears that Appellant's convictions are for serious drug offenses some committed while he was on bond awaiting disposition of other charges. Under these circumstances the nature of the offense supports a denial of probation so as to avoid depreciation of its seriousness.

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." T.C.A. § 40-36-103(1). The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Pursuant to statute, offenders who satisfy the following minimum criteria are eligible for participation in a community corrections program:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;

> (B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

> (C) Persons who are convicted of nonviolent felony offenses;

> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(F) Persons who do not demonstrate a pattern of committing violent offenses; and

(2) *Persons who are sentenced to incarceration or are on escape at the time of consideration will not be eligible for punishment in the community.*

(emphasis added). As stated above, Appellant was incarcerated at the time he was sentenced. As such, it appears that the defendant was not eligible for placement in community corrections as he was serving a sentence of incarceration on the money laundering charges at the time of his sentencing, *see* T.C.A. § 40-36-106(a)(2); Op. Tenn. Att'y Gen. No. 00-078 (Apr. 27, 2000) (opining that according to Tennessee Code Annotated section 40-36-106(a), a defendant is not eligible for a sentence of Community Corrections "if at the time of consideration, that person is serving a sentence of incarceration for another crime or has been sentenced to incarceration on another crime, no matter how the prior sentence is ordered to be served, and he has failed to prove that the denial of probation was improper."). We conclude that the trial court did not err in sentencing Appellant to confinement.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE

-8-